# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY M. SMITH,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:06-cv-00087-ECR-VPC

ORDER

This represented habeas action under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#83) to dismiss for lack of exhaustion as to a number of the claims. In the federal petition, as amended, petitioner Tony Smith seeks to set aside his conviction, pursuant to a jury verdict, of first degree murder, robbery, conspiracy to commit robbery, and burglary. Following adjudication as a habitual criminal, he was sentenced to three concurrent terms of life without the possibility of parole and one consecutive term of life without the possibility of parole. Smith challenged the judgment of conviction both on direct appeal and in a state post-conviction petition.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.

*E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

***Discussion***

***Ground 1***

Petitioner has resolved the exhaustion issue as to the Confrontation Clause claim in Ground 1 by seeking leave to amend and delete that claim. Petitioner will be afforded an opportunity to delete the claim when making his *Rose* choice, as further specified *infra*, as to the remaining unexhausted claims. The due process claim remains before the Court.

***Ground 2***

In Ground 2, petitioner claims that he was denied due process of law due to prosecutorial misconduct when the prosecutor allegedly: (A) vouched for the truthfulness of inmate eyewitnesses; (B) injected her personal opinions throughout closing argument; (C) improperly suggested that the State knew that a witness was being truthful and awarded him accordingly; (D) improperly suggested jurors place themselves in the shoes of the victim, defendants, or witnesses in the case; (E) improperly admitted an inadmissible statement by a deceased co-defendant; and (F) improperly pressured the jurors to find guilt.

In their reply memorandum, respondents concede the exhaustion of Ground 2(E).

With regard to the remaining subparts of Ground 2, petitioner relies exclusively on citation to federal cases and/or to state cases citing federal cases to establish exhaustion of the claims. The Court is persuaded that the petitioner did not fairly present a federal due process claim to the state courts through direct or indirect reference to the federal cases in question. Following its independent review of the cases, the Court is persuaded that the respondents have correctly detailed the specifics as to why petitioner's citation to each of these case authorities did not fairly present a federal due process claim to the state courts. See #93, at 3-6.[1]

The Court holds, on the arguments and showing made, that Grounds 2(A)-(D) and 2(F) are not exhausted.

***Ground 4***

In Ground 4, petitioner alleges that he was denied rights to a fair trial and due process in violation of the Fifth, Sixth and Fourteenth Amendments by allegedly improper admission of prior bad act evidence. Petitioner alleges that the State presented testimony and comment during the guilt phase of the trial about prior bad acts and misconduct by Smith's fellow inmates, co-defendants, and alleged gang members. He alleges, specifically, that the State presented photographs of selected witnesses in prison garb with gang tattoos, testimony regarding anonymous alleged gang members preying on weaker inmates, testimony of post-

---

[1] Respondents do not directly address, on Ground 2(D), petitioner's additional reliance upon his citation in the state courts to *McGuire v. State*, 100 Nev. 153, 677 P.2d 1060 (1984). The material quoted by the petitioner in his opposition memorandum, #92, at 5, lines 7-10, in fact comes from *Pacheco v. State*, 82 Nev. 172, 179, 414 P.2d 100, 103 (1966). *Pacheco* is cited in footnote 4 in *McGuire*. In all events, the Court is not persuaded that -- even if, *arguendo*, the Supreme Court of Nevada went trolling through the state court cases cited in the footnotes in the state court cases cited by petitioner – the language that petitioner now quotes from *Pacheco* then would have alerted the state supreme court that Smith was pursuing a federal constitutional due process claim.

The Court additionally notes, with regard to Ground 2(F), that Justice Brennan's separate opinion in *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), drives home the point that the alleged federal prosecutorial misconduct in that case was being reviewed as a matter of supervisory authority rather than constitutional mandate. 470 U.S. at 24 n.3, 105 S.Ct. at 1051 n.3 (Brennan, J., concurring in part and dissenting in part).

offense threats from charged and uncharged co-conspirators, and birthday cards containing inflammatory drawings. Smith alleges that the prosecutor referred in closing argument to a note threatening the victim to expect no mercy along with a notation signifying "proud Nazi race." #23, at 31-32.

Petitioner bases his exhaustion of the federal claim, in which he alleges improper admission of bad act evidence in violation of rights to a fair trial and due process, upon his citation on direct appeal to *Dawson v. Delaware*, 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992). The petitioner's argument on direct appeal included the following:

> . . . . The trial prosecutor originally justified use of some of the misconduct under the "consciousness of guilt" theory. While threats to witnesses in a murder case have previously been deemed relevant to "consciousness of guilt," racist symbols, inmate rape, or names scratched off of yard-bought goods have not. The evidence introduced went far beyond the State's theory of relevance and, at a minimum, was not proved by clear and convincing evidence. Proof of gang membership was shown by tatoos, signatures on Nazi-symboled birthday cards, hearsay and rumors rather than clear and convincing evidence. Yet, even the lower court agreed that <u>no</u> evidence showed that a gang participated in Silva's murder, or that racial bias was relevant to the murder. The evidence was wrongfully admitted on this ground alone. The admission of the irrelevant prior misconduct in this case is particularly egregious. See <u>Walker</u> supra, 116 Nev., Adv. Op. 49, at 4; <u>Longoria v. State</u>, 99 Nev. 754, 670 P.2d 939 (1983); and <u>Dawson v. Delaware</u>, 503 U.S. 159, 167-68, 112 S.Ct. 1093, 1099 (1992). . . . . [R]acist birthday cards and the late, unproved rape allegation bears no relationship to the charges against Smith in this capital case. The only possible reason for introducing this evidence was to prejudicially suggest a dangerous character. . . . .

#60, Ex. 171, at 21-22 (emphasis in original).

*Dawson* did not address a claim that admission of prior bad act evidence violated rights to a fair trial and due process. *Dawson* instead held that admission of gang affiliation evidence in the penalty phase of a murder trial, without any relevancy and based solely upon the abstract beliefs expressed by the gang, violated the defendant's First Amendment right of association. 503 U.S. at 166-67, 112 S.Ct. at 1098. Petitioner urges that "[n]evertheless, the case highlights the particular problem with the introduction of this type of evidence and is closely analogous to the issue in Mr. Smith's case, " thereby alerting the Nevada courts to

1  "the federal nature" of his claim. #92, at 6.  However, a petitioner must do more than alert the
2  state courts to some unspecified "federal nature" of his claim through unexplained citation to
3  merely analogous authority.  He instead must alert the state courts to the federal legal theory
4  upon which his claim is based.  The citation to *Dawson*, a First Amendment freedom of
5  association case, did not alert the state courts that petitioner was claiming that the
6  introduction of the prior bad act evidence violated his rights to a fair trial and due process,
7  either as to gang-related evidence or as to any of the other alleged bad act evidence.
8      Ground 4 is unexhausted.
9      ***Ground 6***
10     In Ground 6, petitioner alleges that he was denied rights to due process and a fair trial
11 under the Fifth, Sixth and Fourteenth Amendments when the state trial court denied his
12 motion to sever his trial from the trial of his co-defendant Rowland.  Smith alleges that he was
13 prejudiced by the joint trial because the case against Rowland was significantly stronger than
14 the case against him, evidence of Rowland's sexual assault of the witness LaPeire called
15 upon the sympathy of jurors and thereby bolstered the credibility of his testimony as to both
16 defendants, and evidence of Rowland's beating of witness Watson also similarly enhanced
17 the credibility of his testimony against both defendants.  #23, at 33-34.
18     Petitioner bases his exhaustion of this claim upon his citation within his briefing on
19 direct appeal to *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993),
20 and *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).  The
21 petitioner's original brief on direct appeal argued as follows:
22     F. THE TRIAL COURT ERRED BY REFUSING SEVERANCE

> If it appears that a defendant is prejudiced by joinder at trial with another, the court may sever the trials.  NRS 174.165. Unfair prejudice is created where a joint trial compromises a specific trial right of one of the defendants or prevents the jury from making a reliable judgment about guilt or innocence.  See e.g., Zafiro v. United States, 506 U.S. 534 , 113 S.Ct. 933 (1993). In this case, there is a serious risk that unfair prejudice occurred because Rowland's wrongdoing erroneously led the jury to conclude that Smith was guilty.  See Kotteakos v. United States, 328 U.S. 750, 774-76, 66 S.Ct. 1239, 1252-53 (1946).  For

> example, uncontradicted eyewitness testimony showed that Rowland attacked Silva and Watson. By contrast, no testimony implicated Smith in the Watson attack and contradictory eyewitness' evidence supported his presence during the attack on Silva. Rowland was accused of carrying a knife, not Smith. Rowland was accused of raping his cell mate, not Smith. The jury could not and did not make a reliable judgment about guilt or evidence. Evidence of Rowland's wrongdoing erroneously led the jury to conclude that Smith is guilty.

#60, Ex. 171, at 31 (emphasis in original).

The citation to the foregoing federal cases did not exhaust any constitutional claim. Both *Zafiro* and *Kotteakos* were decided based upon the application of the federal criminal rules pertaining to joinder and severance, not based upon federal constitutional principles. Petitioner acknowledges that the cases applied federal criminal rules, but he urges that the federal standard for when a severance should be granted clearly implicates federal constitutional guarantees of due process and a fair trial. He points to passages from both decisions where the Supreme Court discussed the risk of unfair prejudice that may result from a failure to sever. The federal courts, however, are not applying federal constitutional law each and every time that they examine whether a federal criminal defendant would be unduly or unfairly prejudiced by denial of relief under a rule of federal criminal procedure. That is, a federal court discussion of undue or unfair prejudice does not equate to a discussion of whether a defendant was denied constitutional rights to a fair trial or due process. Indeed, given the rule of avoidance of unnecessary adjudication of constitutional issues, the opposite arguably should be presumed. The Court accordingly is not persuaded that the citation to these cases fairly presented any federal constitutional issue to the state courts.[2]

Ground 6 is unexhausted.

---

[2] The citation in *Zafiro* to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), does not lead to a different conclusion. *Bruton* directly involved the situation where a co-defendant is denied a right of confrontation by the admission in a joint trial of a confession by a non-testifying co-defendant. Such a situation apparently was not implicated in the present case with regard to Rowland. Moreover, *Zafiro* did not cite *Bruton* for this constitutional rule but instead for the general proposition that the introduction of evidence admissible as to only one co-defendant may present a risk of prejudice. While presenting a risk of prejudice, the introduction of evidence admissible as to only one co-defendant happens frequently in joint trials and is not a matter that necessarily implicates constitutional issues in every case.

***Ground 7***

In Ground 7, petitioner alleges that he was denied due process and confrontation rights guaranteed by the Sixth and Fourteenth Amendments when the state trial court refused to admit polygraph evidence regarding witness Jason Jones without conducting a *Daubert* hearing or allowing the defense to present its offer of proof as to the validity or reliability of the polygraph method used. #23, at 34-35.

Respondents do not actively challenge the exhaustion of a Sixth Amendment confrontation claim in light of petitioner's citation on direct appeal to *United States v. Scheffer*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). Respondents contend, however, that the citation to *Scheffer* did not exhaust a stand-alone Fourteenth Amendment due process claim (as opposed to reliance upon Fourteenth Amendment due process solely for incorporation of other constitutional guarantees in the Bill of Rights) because *Scheffer* was a United States military court-martial case that did not apply or implicate constitutional guarantees applicable to the States.

The Court is persuaded that the citation to *Scheffer* on direct appeal did not exhaust a stand-alone due process claim under the Fourteenth Amendment. The judgment of the Supreme Court in *Scheffer* reversed an appellate decision holding that the inadmissibility of polygraph evidence under Military Rule of Evidence 707 unconstitutionally abridged a Sixth Amendment right to present a defense. This Court is hard pressed to conclude that the citation to a Supreme Court decision rejecting a Sixth Amendment challenge to exclusion of polygraph evidence alerted the Nevada Supreme Court that petitioner was challenging the exclusion of the polygraph evidence in his trial as a violation of due process under the Fourteenth Amendment. Petitioner points to the Supreme Court's discussion in *Scheffer* of Fourteenth Amendment cases regarding the unconstitutionality of excluding various types of defense evidence. Yet petitioner is referring to a portion of the *Scheffer* decision wherein the Supreme Court specifically distinguished these Fourteenth Amendment cases as being inapplicable to the exclusion of polygraph evidence because, unlike the situations in the earlier cases, the exclusion of polygraph evidence "does not implicate any significant interest

of the accused." See *United States v. Scheffer*, 523 U.S. at 315-317, 118 S.Ct. at 1267-69.[3] Petitioner accordingly is arguing that the Nevada Supreme Court should have realized that he was presenting a Fourteenth Amendment due process claim based upon the exclusion of polygraph evidence because he cited a Supreme Court decision that expressly rejected the application of prior Fourteenth Amendment case law to such evidence as inapposite. With due respect, this argument extends the concept of exhaustion by indirect case citation to the absurd.

The Fourteenth Amendment claim in Ground 7 is unexhausted.

***Ground 10***

In Ground 10, petitioner alleges that he was deprived of a fair trial due to cumulative error on the prior nine grounds. #23, at 39.

Petitioner acknowledges that no claim of cumulative error was presented on state post-conviction review and that the only claim of cumulative error was raised on direct appeal. Petitioner seeks leave to amend to limit the claim to the direct appeal issues. Petitioner will be afforded an opportunity to limit the claim when making his *Rose* choice, as further specified *infra*. The Court otherwise is persuaded that the cumulative error claim presented on direct appeal was sufficiently federalized. The Supreme Court of Nevada expressly addressed on direct appeal the issue of whether "these cumulative errors denied [Smith] the right to a fair trial." #62, Ex. 187, at 5. When the state high court addresses the federal constitutional claim on the merits, the claim is exhausted. *E.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Greene v. Lambert*, 288 F.3d 1081, 1086-87 (9th Cir. 2002).

Ground 10 accordingly is exhausted with regard to cumulative error based upon claims raised on direct appeal, but the ground is not exhausted with regard to cumulative error based upon claims raised on state post-conviction review.

---

[3]Although the *Scheffer* opinion is a splintered one, the portion of the opinion in question, Part II-D, is part of the majority opinion of the Court.

IT THEREFORE IS ORDERED that respondents' motion (#83) to dismiss is GRANTED IN PART and DENIED IN PART, as per the remaining provisions of this order, on the basis that the following claims are unexhausted:

    (a)    Ground 1, to the extent that the ground is based upon the denial of a right to confrontation but not to the extent that the ground is based upon a denial of due process;

    (b)    Grounds 2(A)-(D) and 2(F);

    (c)    Grounds 4 and 6;

    (d)    Ground 7 to the extent that the ground is based upon a denial of due process under the Fourteenth Amendment but not to the extent that the Ground is based upon a right of confrontation under the Sixth Amendment; and

    (e)    Ground 10 to the extent that the ground is based upon cumulative error based upon claims raised on state post-conviction review but not to the extent that the ground is based upon cumulative error based upon claims raised on direct appeal.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the required verification is not timely filed.

1  IT FURTHER IS ORDERED that respondents' motion (#82) for an enlargement of time
2 is GRANTED *nunc pro tunc*.
3  DATED:  May 21, 2008

*Edward C. Reed.*
_____
EDWARD C. REED
United States District Judge